IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GINGER HULSEY,<br><br>                              Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC, JOHN DOES (1-3) and JOHN DOE CORPORATION (1-3),[1]<br><br>                              Defendant. | Civil Action File No.: _____<br><br>*[Removed from Cobb County State Court; CAFN: 21-A-2780]* |

## PETITION FOR REMOVAL

COMES NOW Dolgencorp, LLC, party defendant in the above-styled case, and within the time prescribed by law, files this Petition for Removal, and respectfully shows to the Court the following facts:

---

[1] Plaintiff has attempted to add an unknown individual, "Michael Jameson." However, Mr. Jameson has not been properly joined or served as contemplated by 28 U.S.C.A. § 1441(b)(2). Moreover, no such party in interest can be joined or served because he does not exist. There was no employee by that name at the store at issue in August of 2019, and no employee with the last name Jameson and first initial "M" has ever worked at any Dollar General Store in the State of Georgia. See **Exhibit A**, Affidavit of JoAnn Lampe. Defendant contends Michael Jameson is nothing more than a "John Doe" Defendant and his presence cannot be used to defeat diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1); *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019). Without a resident defendant in interest who has been properly joined and served, Dolgencorp, LLC, may remove this action, as the parties have diversity of citizenship.

1.

Plaintiff filed suit against Defendant in the State Court of Cobb County, State of Georgia for personal injuries allegedly incurred as a result of a fall in a Dollar General store located at 4450 Dawsonville Highway, Gainesville, Georgia 30506.  The suit is styled as above and numbered Civil Action File No. 21-A-2780 in that Court.

2.

Dolgencorp, LLC, is a Kentucky single-member limited liability company with a principal place of business in Goodlettsville, Tennessee.  Dolgencorp is not a citizen of the State of Georgia, was not a citizen of the State of Georgia on the date of filing of the aforementioned civil action and has not since become a Georgia citizen.  The sole member of Dolgencorp is Dollar General Corporation.

3.

Dollar General Corporation is a Tennessee corporation with a principal place of business in Goodlettsville, Tennessee.  Dollar General Corporation is not a citizen of the State of Georgia, was not a citizen of the State of Georgia on the date of filing of the aforementioned civil action and has not since become a Georgia citizen.

4.

Upon information and belief, Plaintiff Ginger Hulsey is a resident of the State of Georgia has no plans to move outside of the State of Georgia for the foreseeable future. *See* Plaintiff's Responses to Dolgencorp's Interrogatories, a true and accurate copy of which is attached hereto as **Exhibit "B"**. Plaintiff was not a citizen of the States of Tennessee or Kentucky on the date of filing the aforementioned civil action, and has not since become a citizen of Tennessee or Kentucky.

5.

Plaintiff initially named and served an improper party to this action, Dollar General Corporation. That party has since been dismissed by Court order and Plaintiff has filed an Amended Complaint for Damages.

6.

Defendant acknowledged service of the Amended Complaint for Damages on or about January 4, 2022. In her Amended Complaint for Damages, Plaintiff alleges she suffered "multiple injuries," including past, present and future medical expenses in and unspecified amounts of other special damages. *See* Plaintiff's Amended Complaint for Damages, ¶¶ 24- 28; *see also* **"Exhibit C,"** Plaintiff's Response to Defendant's Request for Admissions at ¶7.

7.

Plaintiff did not itemize special damages in her Complaint or Amended Complaint for damages as required by O.C.G.A. §9-11-9(g). As a result, Defendant served discovery on Plaintiff, and she itemized medical expenses and lost wages in the amount of $63,070.62. *See* "**Exhibit B**", ¶19-20.  This amount, in addition to the emotional damages Plaintiff admits to seeking, will result in damages greater than $75,000.

8.

Plaintiff's claimed treatment included a left knee arthroplasty and synovectomy, as well as significant past, current and future pain and suffering as well and emotional damages. Plaintiff further admits in her responses to Defendant's Requests for Admission that she has been told she may additional surgery. *See* "**Exhibit C,**" Plaintiff's Response to Defendant's Request for Admissions at ¶3.  Any request for damages for future treatment, when combined with the medical costs already incurred, will far exceed the $75,000 jurisdictional threshold.

9.

Defendant's Requests for Admission to Plaintiff also sought to establish the amount in controversy.  Plaintiff attempted to avoid providing substantive

responses to those requests, claiming that she could "neither admit or deny [that she sought damages greater than $75,000]." *See* **Exhibit C**, ¶8. However, Plaintiff also claimed she was unable to admit or deny that she sought damages of less than $75,000. *Id.* ¶9.

10.

The aforementioned civil action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and, accordingly, is one which may be removed to this Court by Defendant/Petitioner pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy will exceed the sum of $75,000.00 exclusive of interests and costs, and is between citizens of different states.

11.

Defendant was served with Plaintiff's Responses to Defendant's Requests for Admissions and Responses to Interrogatories on February 3, 2022. Despite Plaintiff's efforts to conceal the amount in controversy, her responses, as a whole, establish the amount sought by Plaintiff exceeds the jurisdictional threshold. These responses reveal that Plaintiff seeks $63,070.62 in medical expenses and lost wages; she also seeks past, present and future pain and suffering, future medical expenses, and emotional damages. This sum will easily exceed than $75,000. This

Petition is filed within 30 days of Defendant's receipt of Plaintiff's responses to discovery which constitute an "other paper" pursuant to the requirements of 28 U.S.C. § 1446(b).  *See* 28 U.S.C. § 1446(c)(3)(A).

12.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendant has attached hereto copies of all process, pleadings, and orders served upon it in this case,[2] such copies being marked **Exhibit "D."**  In addition, Defendant shows that it has already answered the lawsuit in the state court action referenced above and a copy of that Answer is attached hereto as **Exhibit "E."**  There are no motions pending in the State Court of Cobb County, Georgia at the time of filing this Petition for Removal.

12.

Venue properly rests in the Atlanta Division of the United States District Court of the Northern District of Georgia, as this case is being removed from the State Court of Cobb County, Georgia, which sits in the Atlanta Division of United States District Court for the Northern District of Georgia.  A Notice of Removal to Federal Court will be filed with the State Court of Cobb County, Georgia.

---

[2] Out of an abundance of caution, Defendant also includes the original pleadings served upon the prior Defendant, Dollar General Corporation, who is no longer a party to this action, as well as the Order Dismissing Dollar General Corporation.

WHEREFORE, Defendant prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 4th day of March, 2022.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GINGER HULSEY, <br><br> Plaintiff, <br><br> v. <br><br> DOLGENCORP, LLC, JOHN DOES (1-3) and JOHN DOE CORPORATION (1-3), <br><br> Defendant. | Civil Action File No.: _____ <br><br> *[Removed from Cobb County State Court; CAFN: 21-A-2780]* |

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the ***Petition for Removal*** with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

Cynthia Matthews Daley, Esq.
JONATHAN R. BROCKMAN, P.C.
128 Newnan Street
Carrollton, GA 30117
Email: cdaley@brockmaninjurylawyer.com

Jon Brockman, Esq.
JONATHAN R. BROCKMAN, P.C.
320 Dahlonega Street
Cumming, GA 30040
Email: jbrockman@brockmaninjurylawyer.com

This 4th day of March, 2022.

                               Respectfully submitted,

                               SWIFT, CURRIE, MCGHEE & HIERS, LLP

                               ***/s/ Erica L. Morton***

                               Erica L. Morton, Esq.
                               Georgia Bar No.: 140869
                               Brianna S. Tucker, Esq.
                               Georgia Bar No.: 109297
                               *Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com