**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| GINGER HULSEY,<br><br>Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC, MICHAEL JAMESON, JOHN DOE (2-3) and JOHN DOE CORPORATION (1-3),<br><br>Defendants, | CIVIL ACTION FILE NO.:<br><br>21A2780 |

**PLAINTIFF'S RESPONSE TO DEFENDANT DOLGENCORP, LLC'S FIRST INTERROGATORIES**

COME NOW PLAINTIFF GINGER HULSEY, by and through her undersigned counsel, and responds to Defendant Dolgencorp, LLC's First Interrogatories as follows:

**GENERAL OBJECTIONS**

The following objections apply to all Interrogatories and are incorporated into every response given below:

1. Plaintiff objects to each of Defendant's Interrogatories to the extent that it purports to impose burdens on Plaintiffs in responding to this discovery in excess of those imposed by the Georgia Civil Practice Act.

2. Plaintiff objects to each of Defendant's Interrogatories to the extent that it seeks discovery of documents, physical evidence, and information protected from discovery by the attorney-client privilege or work product doctrine.

3. Plaintiff objects to each of Defendant's Interrogatories to the extent that it is overly broad or seeks information and documents not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each of Defendant's Interrogatories to the extent that it seeks information and documents not within Plaintiffs' possession, custody or control, or that are as easily available to Defendant as to Plaintiff.

5. Plaintiff objects to each of Defendant's Interrogatories to the extent that it is unduly burdensome, oppressive, redundant, vague, and/or ambiguous.

Subject to said objections and without waiving same, Plaintiff responds as follows:

**INTERROGATORIES**

1.

What is your full name, date of birth, present address and social security number?

**RESPONSE:** Ginger Hulsey, 9129 Brookshire Road, Gainesville, GA 30506. Date of birth and social security number will be provided in a non-public setting.

2.

State the full name of your spouse, if any, at the time of the incident giving rise to this lawsuit, your spouse at the present time, and give the name and ages of all of your children.

**RESPONSE:** Plaintiff was not married. Plaintiff's children area Chase Hulsey, age 24; Zance Hulsey, age 19; I age 15; and A age 14.

3.

State specifically and in reasonable detail how the incident which is the basis of your lawsuit in this matter occurred.

**RESPONSE:** On August 4, 2019, Plaintiff was an invited guest at Dollar General located at 4450 Dawsonville Highway, Gainesville, Georgia. At the time of the incident, she was walking in the entrance when her foot slipped on a slippery substance that was on the floor. Plaintiff's body was thrust forward to the ground, her body twisted, and she hit her left knee and right hand on the floor. At the time of this incident, Dollar General had not placed signs around the residue warning guests of the slippery substance on

the floor. Plaintiff had immediate complaints of injuries and informed the manager of the fall.

4.

Please identify all persons that to your knowledge, information or belief:

(a) Were eyewitnesses to the incident giving rise to this lawsuit; and

(b) Have relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in sub-part (a).

**RESPONSE:** Plaintiff, Katie Bock, Dollar General Assistant Store Manager, Dollar General Store Manager Sheri Porter, Dollar General District Manager Rusty Balch, and Plaintiff's treating medical providers.

5.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit.

**RESPONSE:** Plaintiff discussed the incident with Assistant Store Manager Katie Bock and her treating medical providers.

6.

Identify all persons who, to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

**RESPONSE:** Assistant Store Manager Katie Bock made an incident report.

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, any other illustration of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

**RESPONSE:** Plaintiff is only aware of the video of the incident produced by Defendants.

8.

Please identify each expert expected to testify at trial and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.

**RESPONSE:** Plaintiff has not identified any experts at this time other than her treating medical providers.

9.

Please state whether you have ever been convicted, or plead guilty to, any felony or crime involving moral turpitude. If the answer is affirmative, please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

**RESPONSE:** No.

10.

During the twenty-four-hour period prior to the occurrence giving rise to this lawsuit, did you consume any alcoholic beverages, medicine or drugs of any kind? If the answer is affirmative, please state precisely the type of alcoholic beverage, medicine or drug consumed, the amount consumed, the time(s) at which it was consumed and the name, address and telephone number of all persons who have relevant knowledge about your consumption of the substances.

**RESPONSE:** No.

11.

With respect to all insurance benefits available to you for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor or other practitioner of the healing arts as a result of the incident that is the subject of this litigation, (e.g. health insurance, worker's compensation, medical payments policies, etc.) please state:

(a) The name and address of the provider of benefits;

(b) The amount of the payments by each provider;

(c) The person or entity to whom the payments were made;

(d) The claim number, policy number or applicable reference number with regard to each payment; and

(e) Whether you or anyone acting on your behalf, specifically including but not limited to your attorney(s), has received notice, written or verbal, of any liens or rights of recovery asserted by said provider of benefits.

**RESPONSE:** Plaintiff objects to Interrogatory No. 11 to the extent that it seeks discovery of documents, physical evidence, and information protected from discovery by the attorney-client privilege or work product doctrine and is not relevant as collateral source information.

12.

If you were eligible for or did receive any benefits from any governmental entity, such as Medicare or Medicaid, etc., as a result of the incident that is the subject of this litigation, please state:

(a) The name and address of the provider of benefits;

(b) The amount of payments by each provider;

(c) The person or entity to whom the payments were made;

(d) The claim number, policy number or applicable reference number with regard to each payment; and

(e) Whether you or anyone acting on your behalf, specifically including but not limited to your attorney(s), has received notice, written or verbal, of any liens or rights of recovery asserted by said provider of benefits.

**RESPONSE:** Plaintiff does not receive Medicare or Medicaid benefits.

13.

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries prior to the occurrence giving rise to this lawsuit and describe the bodily or mental injuries, if any, which you received in such other accidents or incidents.

**RESPONSE:** In 1991, Plaintiff was working at Lanier Park Hospital, Gainesville GA and pulled a muscle in her back.

14.

Please identify all accident, occurrences or incidents in which you received mental or bodily injuries subsequent to the occurrence giving rise to this lawsuit and describe the bodily or mental injuries, if any, which you received.

**RESPONSE:** None.

15.

Please identify and explain in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit and indicate what injuries you are, at present, suffering from and the manner and extent of your current suffering.

**RESPONSE:** Plaintiff suffered from a cleavage flap tear of the posterior horn medial meniscus of her left knee which was surgically repaired along with a knee abrasion arthroplasty and synovectomy. She also suffered a right middle finger fracture. She continues to manage her painful symptoms with home exercise. A future knee replacement has been recommended.

16.

Please identify any prior or subsequent injuries, diseases or difficulties in the areas of the body which you claim were injured in the occurrence which is the subject of this lawsuit, give the inclusive dates on which you were suffering or in pain, and give the names and addresses of all practitioners of the healing arts who have treated you for such injury, disease or difficulty.

**RESPONSE:** None.

17.

State the names and addresses of all doctors, osteopaths, psychiatrists, psychologists, chiropractors and other practitioners of the healing arts who have treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment of you.

**RESPONSE:**

| Provider | Dates of Service | Report |
|---|---|---|
| Scott Barbour, MD<br>Anthony Human, MD<br>Barbour Orthopaedics<br>5505 Roswell Road, Suite 100<br>Atlanta GA 30342 | 08/06/2019 – 12/02/2019 | Yes |
| Deana Griffin, CRNA<br>Northlake Anesthesia<br>PO Box 2427<br>Suwanee | 10/01/2019 | Yes |

| | | |
|---|---|---|
| Andrew Jones, PT<br>Benchmark Rehab Partners<br>78 Dawson Village Way N<br>Suite 230<br>Dawsonville GA 30534 | 11/12/2019 – 12/2/2019 | Yes |

18.

Give the names and addresses of all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:

(a) For any treatment after the incident giving rise to this lawsuit; and

(b) For any treatment at any time to any area of the body in which you claim injury from this incident.

**RESPONSE:**

| Provider | Dates of Service | Expense |
|---|---|---|
| Barbour Orthopaedics and Sports Medicine<br>5505 Roswell Road Suite 100<br>Atlanta GA 30342 | 08/06/2019 – 12/02/2019 | $ 56,209.37 |
| Northlake Anesthesia Professionals<br>PO Box 2427<br>Suwanne GA 30024 | 10/01/2019 | $1,100.00 |
| BenchMark Rehab Partners<br>78 Dawson Village Way N Ste 230<br>Dawsonville GA 30534 | 11/12/2019 – 12/02/2019 | $ 2,161.25 |
| **TOTAL MEDICALS** | | **$59,470.62** |

19.

Please itemize all special damages which you have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same) you claim to have incurred as a result of this occurrence.

**RESPONSE:**

| | |
|---|---|
| TOTAL MEDICALS | $ 59,470.62 |
| APPROXIMATE LOST WAGES | $3,600.00 |
| **TOTAL SPECIALS** | **$ 63,070.62** |

20.

For any lost wage or salary claim that you make, please state the name, address and phone number of your employer at the time of the occurrence, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

**RESPONSE:** Plaintiff missed three months of work due to her injuries. She works for Diamond Cleaning Services, 117 S. Promise Trail, Dahlonega, GA 30533. She made $1,200.00 per month.

21.

Please state the specific purpose for which Plaintiff was on the premises at the time of her alleged fall.

**RESPONSE:** Plaintiff entered the Dollar General to purchase a gallon of milk.

22.

Please list the number of occasions that Plaintiff had previously walked through the area in which her alleged fall occurred.

**RESPONSE:** Plaintiff usually entered this store every day but it was the first time the day the fall occurred.

23.

If there was any defective condition, foreign substance, or foreign object in or on the area which cause or contributed to the Plaintiff's fall, describe:

(a) The defective condition, foreign substance, or foreign object as fully as possible;

(b) How the area came to have such defective condition, foreign substance, or foreign object;

(c) To what extent the Plaintiff's injury was caused by such defective condition, foreign substance, or foreign object;

(d) Any other factors or events which caused or contributed to the Plaintiff's injury; and

(e) Whether any Defendant or any of their agents or employees knew of the defective condition, for how long each knew of it, and who told them of it.

**RESPONSE:** Unbeknownst to Plaintiff, after she entered the store there was a slippery substance that was present on the floor. As Plaintiff was walking, she slipped on the slippery substance and fell to the ground which caused her body to twist underneath her and hit her left knee and right hand on the tile flooring. At said time and place, there were no caution signs posted or cones present warning the general public of the dangerous conditions. Defendants knew or should have known of the slippery substance as it had at least one employee in the vicinity of the slippery substance just prior to Plaintiff slipping on the substance. Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendant's premises prior to her fall.

24.

State all factors or events which you believe caused or contributed to your fall.

**RESPONSE:**   See response to Interrogatory No. 23.

25.

Please describe with specificity every claim you have made, or lawsuit you have filed for personal injury, including the date of the injury, the date of the claim, the type of injury, the person or entity against whom you made the claim, or filed the lawsuit and the disposition of the claim or lawsuit.

**RESPONSE:** None.

26.

For each claim or lawsuit, described above, identify all doctors, osteopaths, psychiatrists, psychologists, chiropractors, hospitals, infirmaries, clinics, sanitariums, nursing homes, asylums, and other practitioners of the healing arts who treated you for each of those claims or lawsuits, listing the dates of each visit.

**RESPONSE:** Not applicable.

27.

On what date did you first consult an attorney regarding the incident described in your Complaint?

**RESPONSE:** Plaintiff objects to Defendant's Interrogatory Number 27 to the extent that it seeks discovery of documents, physical evidence, and

information protected from discovery by the attorney-client privilege or work product doctrine.

28.

On what date did you first consult a physician, or other practitioner of the healing arts about the injuries described in your Complaint?

**RESPONSE:** August 6, 2019.

29.

Please provide all of the addresses at which you lived during the past ten (10) years.

**RESPONSE:** 9129 Brookshire Road, Gainesville, GA 30506.

30.

If you have ever filed a workers' compensation claim, please provide the following:

(a) The name and address of the provider of benefits;

(b) The amount of the payments by each provider;

(c) The person or entity to whom the payments were made; and

(d) The claim number, policy number or applicable reference number with regard to each payment.

**RESPONSE:** Plaintiff filed a workers' compensation claim as a result of her 1991 muscle strain while working at Lanier Park Hospital. Her medical expenses were paid.

31.

Have you, or has someone on your behalf, made any assignment to any physician, health care facility, chiropractor, physical therapist or other provider of the healing arts?

**RESPONSE:** Plaintiff objects to Interrogatory No. 31 to the extent that it seeks discovery of documents, physical evidence, and information protected from discovery by the attorney-client privilege or work product doctrine and is not relevant as collateral source information.

32.

Please list all medical bills incurred for treatment that you contend was caused by the incident at issue in your Complaint that have not been fully paid.

**RESPONSE:** Plaintiff objects to Interrogatory No. 32 to the extent that it seeks discovery of documents, physical evidence, and information protected from discovery by the attorney-client privilege or work product doctrine and is not relevant as collateral source information.

33.

Please identify all persons or organizations which paid all or some of your medical bills incurred as a result of the incident at issue in your Complaint.

**RESPONSE:** Plaintiff objects to Interrogatory No. 33 to the extent that it seeks discovery of documents, physical evidence, and information protected from discovery by the attorney-client privilege or work product doctrine and is not relevant as collateral source information.

34.

Please identify and describe the shoes you were wearing at the time of the subject incident, including but not limited to the type, heel, material, brand, when purchased and whether you still have the shoes in your possession.

**RESPONSE:** Plaintiff does not recall the shoes she was wearing when the incident occurred. From the video produced by Defendants it appears that she was wearing sandals.

Respectfully submitted this 3rd day of February, 2022.

        **JONATHAN R. BROCKMAN, P.C.**

        **/s/Cynthia Matthews Daley**
        CYNTHIA MATTHEWS DALEY
        Georgia Bar No. 476520
        Attorney for Plaintiff

128 Newnan Street
Carrollton, GA 30117
770-205-8887, phone
770-205-8879, fax
cdaley@brockmaninjurylawyer.com

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| GINGER HULSEY,<br><br>Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC, MICHAEL JAMESON, JOHN DOE (2-3) and JOHN DOE CORPORATION (1-3),<br><br>Defendants, | CIVIL ACTION FILE NO.:<br><br>21A2780 |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT DOLGENCORP, LLC'S FIRST INTERROGATORIES TO PLAINTIFF** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@swiftcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This 3rd day of February, 2022.

**/s/Cynthia Matthews Daley**
CYNTHIA MATTHEWS DALEY
Georgia Bar No. 476520