# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-2780</u>

$248.00 COST PAID

Hulsey, Ginger

**PLAINTIFF**

**VS.**

Dollar General Corporation
John Doe (1-3)
John Doe Corporation (1-3)

**DEFENDANTS**

## SUMMONS

TO: DOLLAR GENERAL CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jon Brockman**
> **Jonathan R. Brockman, P.C.**
> **320 Dahlonega Street**
> **Cumming, Georgia 30040**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 4th day of August, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**AUG 03, 2021 03:50 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

       Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
JOHN DOE (1-3) and JOHN DOE
CORPORATION (1-3),

       Defendants,

CIVIL ACTION FILE NO.:

_____

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Ginger Hulsey and files this her Complaint against Defendant Dollar General Corporation and shows the Court as follows:

### JURISDICTION AND VENUE

1.

Defendant Dollar General Corporation is a foreign corporation incorporated under the laws of the State of Tennessee. This Defendant has agents, does business, and maintains facilities in Cobb County, Georgia and is subject to the jurisdiction of this Court. Defendant Dollar General Corporation may be served by and through its Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street, S.E., Suite 125, Marietta, Cobb County, Georgia 30060 or as otherwise provided by law.

2.

Defendant John Doe (1-3) are employees/agents of Defendant Dollar General Corporation who (1) are responsible for training employees/agents regarding safety measures in the subject property; and/or (2) are responsible for ensuring policies regarding identifying potential safety hazards on the subject property and providing warning to invitees of the same as well as removal/cleanup of the potential hazards is executed correctly; and/or (3) are responsible for identifying potential hazards within the store and taking action to warn invitees of the same and the clearing of such potential hazards.

3.

Defendant John Doe Corporations (1-3) are corporate entities responsible for maintenance/cleaning of the subject property and/or corporate entities which own the subject premises and/or corporate entities that employ the persons responsible for maintaining the subject premises regarding potential slip and fall incidents.

4.

Cobb County, Georgia is a correct venue for this action.

**FACTUAL BACKGROUND**

5.

On August 4, 2019, Plaintiff Ginger Hulsey was an invited guest at the Defendant's place of business located at 4450

2

Dawsonville Highway, Gainesville, Georgia 30506, for the purpose of shopping.

6.

Unbeknownst to Plaintiff, after she entered the store there was a slippery substance that was present on the floor.

7.

As Plaintiff was walking, she slipped on the slippery substance and fell to the ground which caused her body to twist underneath her and hit her left knee and right hand on the tile flooring.

8.

At said time and place, there were no caution signs posted or cones present warning the general public of the dangerous conditions.

9.

Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendant's premises prior to her fall.

10.

Plaintiff shows that she exercised ordinary care and diligence under the circumstances then existing.

11.

Defendant knew or should have known of the potential hazard with reasonable inspection of the premises.

3

## LIABILITY OF DEFENDANT

12.

Defendant had actual, or in the alternative, constructive knowledge of the dangerous condition pertaining to the area where Plaintiff fell.

13.

Defendant breached its duty of ordinary care owed to Plaintiff by failing to guard against a foreseeable incident, such as the incident forming the basis of Plaintiff's Complaint, from occurring.

14.

Defendant negligently failed to ensure that the property located at 4450 Dawsonville Highway, Gainesville, Georgia 30506 was properly maintained to insure the safety of the public, including Ginger Hulsey.

15.

At all times mentioned herein, Defendant had exclusive ownership, operation, control and management of said property and Defendant had the legal duty to keep its premises in a state of repair and maintenance consistent with due regard of the safety of their invitees, including Plaintiff.

16.

Although the Defendant knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff

4

from said hazardous condition(s), it negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect invitees, including Plaintiff, therefrom.

17.

Defendant's negligence proximately caused Plaintiff's injuries and damages.

18.

The conduct of Defendant breached the duty of ordinary care owed to Plaintiff.

19.

Defendant was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

(a)  Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

(b)  In failing to properly inspect and maintain the premises; and

(c)  In knowingly allowing their invited guests to utilize an unsafe area of the premises.

20.

The injuries sustained by the Plaintiff are the direct and proximate result of the negligence of the Defendant. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

## PLAINTIFF GINGER HULSEY'S DAMAGES

21.

As a direct and proximate result of Defendant's negligence and/or breach of the duty of ordinary care, Plaintiff Ginger Hulsey suffered personal injuries that caused her to seek medical treatment.

22.

Plaintiff sustained multiple injuries including, but not limited to, a fractured and sprained finger on her right hand and a complete tear of the medial meniscus in her left knee, which required surgery.

23.

Plaintiff's physical injuries caused by the incident caused her physical pain.

24.

As a result of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses in an amount which will be proven at the time of trial and will continue to incur said expenses as future medical care is needed.

25.

As a direct and proximate result of Defendant's negligence and/or breach of duty of ordinary care, Plaintiff Ginger Hulsey has suffered pain of both body and mind.

26.

Defendant is indebted to Plaintiff in an amount to be shown
by the evidence at trial for Plaintiff's medical expenses,
injuries, and pain and suffering caused by Defendant's breach of
duty owed to Plaintiff.

## PROXIMATE CAUSE

27.

All damages to Plaintiff herein were proximately caused by
the negligence of the Defendant.

## EXPENSES OF LITIGATION AND ATTORNEY'S FEES

28.

In denying that Defendant was negligent in causing or
contributing to the incident forming the basis of Plaintiff's
Complaint and in otherwise denying liability for causing the
subject incident, the Defendant has been stubbornly litigious
and has caused Plaintiff unnecessary trouble and expense such
that the Plaintiff is entitled to recover her expenses of
litigation including reasonable attorney fees from the
Defendant, under O.C.G.A. § 13-6-11 and other applicable Georgia
law.

29.

WHEREFORE, Plaintiff demands trial by jury and judgment
against the Defendant for such sums as compensatory damages, as
the evidence shows he is justly entitled to recover, together

with attorney's fees, interest, if applicable, and all costs of
the action.

Respectfully Submitted,

Jonathan R. Brockman, P.C.


/s/Cynthia Matthews Daley
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)


/s/Jon Brockman
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

AUG 03, 2021 03:50 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

### STATE OF GEORGIA

GINGER HULSEY,

       Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
JOHN DOE (1-3) and JOHN DOE
CORPORATION (1-3),

       Defendants,

CIVIL ACTION FILE NO.:

_____

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT

Pursuant to O.C.G.A. Section 9-11-36 you are hereby requested to answer, in the form provided by law, the following Requests for Admissions:

1.

Admit that you have been correctly named in the present case insofar as the legal designation of names is concerned.

2.

Admit that you have been properly served as a party defendant.

3.

Admit that process is sufficient with regard to you in this case.

4.

Admit that service of process is sufficient with regard to

you in this case.

5.

Admit that Cobb County State Court has jurisdiction over
the subject matter of this case.

6.

Admit that Cobb County State Court has personal
jurisdiction over you as a party defendant in this case.

7.

Admit that venue is proper in Cobb County State Court.

5.

Admit that on August 4, 2019, Plaintiff Ginger Hulsey was
an invited guest at the Defendant's place of business located at
4450 Dawsonville Highway, Gainesville, Georgia 30506, for the
purpose of shopping.

6.

Admit that unbeknownst to Plaintiff, after she entered the
store there was a slippery substance that was present on the
floor.

7.

Admit that as Plaintiff was walking, she slipped on the
slippery substance and fell to the ground which caused her body
to twist underneath her and hit her left knee and right hand on
the tile flooring.

8.

Admit that at said time and place, there were no caution signs posted or cones present warning the general public of the dangerous conditions.

9.

Admit that Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendant's premises prior to her fall.

10.

Admit that Plaintiff shows that she exercised ordinary care and diligence under the circumstances then existing.

11.

Admit that Defendant knew or should have known of the potential hazard with reasonable inspection of the premises.

12.

Admit that Defendant had actual, or in the alternative, constructive knowledge of the dangerous condition pertaining to the area where Plaintiff fell.

13.

Admit that Defendant breached its duty of ordinary care owed to Plaintiff by failing to guard against a foreseeable incident, such as the incident forming the basis of Plaintiff's Complaint, from occurring.

3

14.

Admit that Defendant negligently failed to ensure that the property located at 4450 Dawsonville Highway, Gainesville, Georgia 30506 was properly maintained to insure the safety of the public, including Ginger Hulsey.

15.

Admit that at all times mentioned herein, Defendant had exclusive ownership, operation, control and management of said property and Defendant had the legal duty to keep its premises in a state of repair and maintenance consistent with due regard of the safety of their invitees, including Plaintiff.

16.

Admit that although the Defendant knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff from said hazardous condition(s), it negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect invitees, including Plaintiff, therefrom.

17.

Admit that Defendant's negligence proximately caused Plaintiff's injuries and damages.

18.

Admit that the conduct of Defendant breached the duty of ordinary care owed to Plaintiff.

4

19.

Admit that Defendant was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

(a)  Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

(b)  In failing to properly inspect and maintain the premises; and

(c)  In knowingly allowing their invited guests to utilize an unsafe area of the premises.

20.

Admit that the injuries sustained by the Plaintiff are the direct and proximate result of the negligence of the Defendant. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

21.

Admit that as a direct and proximate result of Defendant's negligence and/or breach of the duty of ordinary care, Plaintiff Ginger Hulsey suffered personal injuries that caused her to seek medical treatment.

22.

Admit that Plaintiff sustained multiple injuries including, but not limited to, a fractured and sprained finger on her right hand and a complete tear of the medial meniscus in her left knee,

which required surgery.

23.

Admit that Plaintiff's physical injuries caused by the incident caused her physical pain.

24.

Admit that as a result of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses in an amount which will be proven at the time of trial and will continue to incur said expenses as future medical care is needed.

25.

Admit that as a direct and proximate result of Defendant's negligence and/or breach of duty of ordinary care, Plaintiff Ginger Hulsey has suffered pain of both body and mind.

26.

Admit that Defendant is indebted to Plaintiff in an amount to be shown by the evidence at trial for Plaintiff's medical expenses, injuries, and pain and suffering caused by Defendant's breach of duty owed to Plaintiff.

27.

Admit that all damages to Plaintiff herein were proximately caused by the negligence of the Defendant.

28.

Admit that in denying that Defendant was negligent in causing or contributing to the incident forming the basis of

6

Plaintiff's Complaint and in otherwise denying liability for
causing the subject incident, the Defendant has been stubbornly
litigious and has caused Plaintiff unnecessary trouble and
expense such that the Plaintiff is entitled to recover her
expenses of litigation including reasonable attorney fees from
the Defendant, under O.C.G.A. § 13-6-11 and other applicable
Georgia law.

Respectfully Submitted,

Jonathan R. Brockman, P.C.

/s/Cynthia Matthews Daley
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

/s/Jon Brockman
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**AUG 03, 2021 03:50 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

   Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
JOHN DOE (1-3) and JOHN DOE
CORPORATION (1-3),

   Defendants,

CIVIL ACTION FILE NO.:

_____

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT DOLLAR GENERAL CORPORATION

Pursuant to Acts 1966, pp. 609, 646, 1972, pp. 510, 524 (Ga. Code Ann. Section 9-11-33), you are hereby served with the following written interrogatories to be answered separately and fully in writing under oath. The answers are to be signed by the person making them and the party upon whom the interrogatories have been served shall serve a copy of the answers upon the Law Offices of Jonathan R. Brockman, P.C., Cynthia Matthews Daley, Esquire, 128 Newnan Street, Carrollton, Georgia 30117, within 45 days after the service of the interrogatories.

**NOTE A:** When used in these interrogatories, the term "you" or any synonym thereof is intended to and shall embrace and include, in addition to the Defendant, Counsel for Defendant, and all agents, servants, employees, representatives, private investigators, and other who are in possession of or may have obtained information for or on behalf of the Defendant.

**NOTE B:**   The following interrogatories shall be deemed
continuing so as to require supplemental answers if you or your
attorneys or any agents, servants, representatives,
investigators, experts, or others employed by either of you
obtain further relevant information between the time your
answers to the following interrogatories are served and the time
of any hearing or trial. Any such supplementary answers shall be
served upon the Law Offices of Jonathan R. Brockman, P.C.,
Cynthia Matthews Daley, Esquire, within thirty (30) days after
the receipt of such additional information but in no event later
than the filing of a pre-trial order.

<div align="center">

**DEFINITIONS**

</div>

1.   "Identify" as used herein to refer to a natural person,
     means to state his or her full name, address, home
     telephone number, business address, business telephone
     number, and name and address of present and/or last known
     employer.

2.   "Identify" as used herein to refer to a document means to
     state the nature of the document (e.g., "letter,
     memorandum to file," etc.), date author, address, title
     or caption, subject matter, meaningful summary of the
     contents and the present custodian. Attaching a copy of
     the document in question to the response to these

interrogatories (properly indexed to the interrogatory)

will suffice in lieu of further identification.

"Document" as used herein shall be understood to include,
without limitation, writings, reports, memoranda, books,
magazines, newspapers, worksheets, correspondence, drafts,
memoranda of meetings of conversations (whether by telephone or
otherwise), drawings, blueprints, graphs, charts, photographs
(whether still or in motion, including slides, negatives,
videotapes, or any other form of visual reproduction), phone
records, phono-tapes, computer tapes, cards and printouts, and
other date compilation from which information can be obtained or
translated, if necessary, by Plaintiff through detection devices
into reasonably usable form, as well as any and all copies of
any documents.

**INTERROGATORIES**

1.

Identify the name, address, telephone number, and title of
the person that was consulted and/or provided responses to these
Interrogatories on behalf of Defendant.

2.

Identify all persons who responded to the scene of the
Plaintiff's fall including such persons' telephone number and
address.

3

3.

Identify the store manager for the subject Dollar General location on August 4, 2019.

4.

Identify the employee(s) that cleaned the area where Plaintiff was injured after the incident that is the subject of Plaintiff's Complaint.

5.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation.

6.

Were any investigative or other reports prepared, compiled, submitted, or made on behalf of the Defendant as a result of the incident complained of in this action?  If so:

A.   Identify by date, name, and address of person and/or persons making or rendering the same and the person and/or persons to whom addressed and/or directed; and

B.   The name and address of the person who has present custody and/or control thereof and the purpose of such preparation.

7.

Please identify the persons or entity who owned, managed and controlled the premises referred to in the Complaint where the

4

incident involving Ginger Hulsey occurred and for the date of her injury, (August 4, 2019), including the identity of any persons who assisted Plaintiff after the incident forming the basis of Plaintiff's Complaint.  If the ownership, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

8.

What are the names, addresses, telephone numbers, and places of employment of each and every person you claim has or purports to have knowledge of the occurrence, whether such person has direct knowledge or claim other relevant knowledge regarding the occurrence?  For each such person, briefly describe their knowledge.

9.

Identify the person(s) responsible for viewing and maintaining the in-store video on the day of the incident injuring Plaintiff.

10.

As to each policy of liability insurance, including personal liability, excess, supplemental, umbrella, and other forms of insurance, that may be applicable to the alleged liability asserted in this lawsuit, please state the following:

A.   The name of each insurer;

B.   The name of each insured;

5

C.   The limits and coverage provided under each policy or coverage;

D.   The number of each policy;

E.   The claim number assigned by each insurer to the claims asserted in this lawsuit or with regard to the claim asserted in this lawsuit;

F.   A full description of the coverage afforded under each such policy; i.e., general liability, excess, reinsurance, umbrella, etc.;

G.   The effective date and expiration date of each such policy;

H.   Any exclusions that have been alleged by the insurer to apply to the coverage provided under each policy;

I.   Any reservation of rights or any other assertions of inapplicability or possible inapplicability of the coverage provided under each policy that has been provided by the insurer; and

J.   The insured's rights, if any, to be advised of the demands for settlement by the claimant and to approve offers of settlement made by the insurer under the provisions of each policy.

11.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other

6

person or entity, did or failed to do, which in any way contributed to the subject occurrence and Plaintiff's injuries.

12.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place.   Please list in this response a listing of each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

13.

Please detail the factual and legal basis for each defense pled in your Answer, including all United States statutes, state statutes, city ordinances, county ordinances, case law and all other governmental laws, rules or regulations which you contend Plaintiff, or any other person or entity, violated with respect to the incident giving rise to this lawsuit.

14.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff.

15.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about,

the substance of the facts and opinions to which the expert is
expected to testify, and give a summary of the grounds for each
opinion.  See O.C.G.A. §9-11-26.  Please note that this
interrogatory applies to all expert witnesses including all
practitioners of the healing arts.

16.

With regard to each statement (oral, written, recorded, court
or deposition transcript, etc.) taken from any person with
knowledge relevant to this lawsuit, please state the name of each
person giving each statement, the name and address of the person
or entity taking each statement, the date each statement was
taken, and the name and address of each person having possession,
custody or control of each statement.

17.

Please identify with specificity all injury claims or
complaints made against you or your business, including employees
of your company, either before or after the incident that is the
subject matter of this litigation, including the date, time and
place of occurrence; the name, address and telephone number of all
parties involved in said accident; the address of all
investigating people or departments, personal injuries, if any,
claimed in such incident; a brief description of how the incident
occurred, and whether suit was filed.

8

18.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person (s) with possession, custody, or control of each item.

19.

State the substance of each conversation you or your agents or employees had with Plaintiff at the time of or at any time before or after the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or her agents.

20.

Please identify any and all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

21.

What are the names, addresses, telephone numbers, dates of employment, and places of employment of any and all managers and employees employed by or on behalf of you to work at the store that is the subject of the occurrence that is described in the Complaint on the date this incident occurred?

22.

Please identify the safety director and all other individuals in charge of or assisting with safety issues for you at the time of the incident forming the basis of Plaintiff's Complaint.

23.

Please provide any and all reasons and facts in support of your denial of any portion of Plaintiff's Request for Admissions to Defendant.

Respectfully Submitted,

Jonathan R. Brockman, P.C.

/s/Cynthia Matthews Daley
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

/s/Jon Brockman
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

10

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**AUG 03, 2021 03:50 PM**

*Robin C Bishop*

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

        Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
JOHN DOE (1-3) and JOHN DOE
CORPORATION (1-3),

        Defendants,

CIVIL ACTION FILE NO.:

_____

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS AND NOTICE TO PRODUCE TO DEFENDANT

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents and Tangible Things and Notice to Produce pursuant to Official Code of Georgia Annotated Sections 9-11-34(a) and 24-10-26 and requires Defendant to comply with said Code Section within forty-five (45) days by producing and permitting attorneys at Jonathan R. Brockman, P.C., 128 Newnan Street, Carrollton, Georgia 30117 to inspect and copy each of the following documents and things:

Notwithstanding the foregoing, Defendant is further requested pursuant to Official Code of Georgia Annotated § 24-10-26 to produce the documents, records, photographs, and tangible things specified hereinbelow at the time of any Rule Nisi hearing, deposition, and trial of the above-styled case.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.   "Document" means every writing or record of every type
and description that is or has been in your possession, custody,
or control or of which you have knowledge, including but not
limited to correspondence, memoranda, tapes, stenographic or
handwritten notes, studies, publications, books, pamphlets,
pictures, drawings and photographs, films, microfilms, voice
recordings, maps, reports, surveys, minutes or statistical
compilations, or any other reported or graphic material in
whatever form, including copies, drafts, and reproductions.
"Document" also refers to any other data compilations from which
information can be obtained, and translated, if necessary, by
you through computers or detection devices into reasonably
usable form.

2.   "Person" means any natural person, corporation,
partnership, proprietorship, association, governmental entity,
agency, group, organization, or group of persons.

3.   "Defendant," "you," or "your" refers to, without
limitation, to Defendant Dollar General Corporation.

4.   "Interrogatory" refers to the Interrogatories of
Plaintiff to Defendant, served concurrently with this request
for production.

## REQUEST FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

Any statement in your control from any person possessing
relevant knowledge of the incident giving rise to this lawsuit,
whether written or recorded, specifically including any statement

taken from the Plaintiff.

2.

Please produce documents reflecting the name and/or address of any eyewitness(es) to the incident forming the basis of Plaintiff's Complaint.

3.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to any in store video of the subject incident.

4.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Plaintiff.

5.

All documents supporting or relating to Plaintiff's or Defendant's contentions of negligence.

6.

Any correspondence, e-mails, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

7.

All documents, including but not limited to e-mail printouts, evidencing, reflecting, relating to the occurrence forming the basis of this lawsuit, including but not limited to any incident report.

2

8.

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

9.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any litigation involving personal injuries to which you have been a party and involving the premises in question for the past (10) years.

10.

Any employment records, including but not limited to all personnel files, for any individual employed by Defendant to work at the Dollar General referenced in Plaintiff's Complaint on the date of the subject incident.

11.

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

12.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage to this Defendant with regard to Plaintiff's claims against Defendant.  This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability coverage, and medical-payments coverage.  This request includes any and all documents affecting coverage, including reservation of rights documents.

3

13.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit.  Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

14.

All written material provided to Defendant's store employees in connection with safety training, including but not limited to all manuals, memoranda, in-house publication and educational courses and any other materials used by you in providing safety training.

15.

Please produce a copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

16.

Please produce all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, or injuries, occurring on the premises where Plaintiff was injured.

17.

Please produce any demonstrative evidence relevant to the issues in this case.

18.

Please produce any and all documents, including employee handbooks, policy or procedure manuals or videotapes pertaining to

4

Defendant's policies regarding safety and training related to the event in question.

19.

Produce all Complaints initiating civil actions against you for the past ten (10) years as a result of incidents involving personal injuries at the subject premises.

20.

Produce all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the wheelchair at issue.

21.

Produce all internal accident reports completed by your employees, agents or independent contractors regarding substantially similar claims, complaints, or incidents for the past ten (10) years.

22.

The curriculum vitae of all experts who are expected to testify on behalf of the Defendant, and any documents they created, reviewed or relied upon.

23.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2016 to the present.

24.

For the date in question, and the two days before, please produce the work and payroll records of all employees (regarding the premises in question) employed by Defendant.

5

25.

Produce any and all documents reviewed or consulted in responding to Plaintiff's Complaint, Plaintiff's First Continuing Interrogatories to Defendant, Plaintiff's First Continuing Request for Production of Documents and Tangible Things and Notice to Produce to Defendant, or Plaintiff's First Request for Admissions to Defendant.

26.

Please provide any and all documents or other evidence in support of your denial of any portion of Plaintiff's Request for Admissions to Defendant.

Respectfully Submitted,

Jonathan R. Brockman, P.C.

/s/Cynthia Matthews Daley
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

/s/Jon Brockman
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

6

# SHERIFF'S ENTRY OF SERVICE

SERVE

Civil Action No. ___21-A-2780___

Date Filed _____

Attorney's Address   **Brockman, Jon**
**Jonathan R. Brockman, P.C.**
**320 Dahlonega Street**
**Cumming, GEORGIA 30040-**

Name and Address of Party to be Served.
**Dollar General Corporation**

_192 Anderson Street, S.E., Suite 125_

_Marietta, GEORGIA 30060_

| | |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |

| | |
|---|---|
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, _____**COBB**_____COUNTY

Hulsey, Ginger
_____
_____
Plaintiff

VS.
Dollar General Corporation; John Doe (1-3); John Doe
Corporation (1-3)
_____
Defendant

_____
_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant *Dollar General Corporation* a corporation
by leaving a copy of the within action and summons with *Terri Thompson*
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _10_ day of _August_, 20 _21_

_____ *KJMoode 12032*
Deputy

COURT COPY

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**SEP 24, 2021 12:16 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

GINGER HULSEY,

    Plaintiff,

v.

DOLLAR GENERAL CORPORATION,
JOHN DOES (1-3) and JOHN DOE
CORPORATION (1-3),

    Defendants.

Civil Action File No.: 21A2780

## CONSENT MOTION TO SUBSTITUTE PARTY DEFENDANT
## [WITH PROPOSED ORDER]

COME NOW, Plaintiff Ginger Hulsey ("Plaintiff") and Defendant Dollar General
Corporation ("DGC"), by and through their counsel of record, and hereby move this Court
for an order adding Dolgencorp, LLC as party defendant and dismissing Dollar General
Corporation pursuant to O.C.G.A. §§ 9-11-15 and 9-11-21.

The parties show this Court that Dollar General Corporation was incorrectly named
as a party defendant in this case under the mistaken belief that it owned or operated the
Dollar General store located at 4450 Dawsonville Highway, Gainesville, Georgia;
however, the entity that operates the store at issue—and therefore the proper party in this
action—is Dolgencorp, LLC. The parties have agreed to a substitution of Dolgencorp,
LLC, for Dollar General Corporation. Dolgencorp, LLC acknowledges that it had actual
notice of the institution of this action within the time provided by law for commencing this
action against it.

The parties further agree and show the Court that Plaintiff is responsible for filing an Amended Complaint within 30 days of the entry of an order substituting Dolgencorp, LLC as party defendant and for perfecting service on Dolgencorp, LLC.  The undersigned counsel for Dolgencorp, LLC agrees to acknowledge service of process on its behalf.

A proposed Order Substituting Party Defendant is attached hereto as Exhibit "A."

This 24th day of September, 2021.

> Respectfully submitted,
>
> SWIFT, CURRIE, MCGHEE & HIERS, LLP
>
> */s/ Erica L. Morton*
> _____
> Erica L. Morton, Esq.
> Georgia Bar No.: 140869
> Brianna S. Tucker, Esq.
> Georgia Bar No.: 109297
> *Attorneys for Defendant Dollar General Corporation*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

> Consented to by,
>
> JONATHAN R. BROCKMAN, P.C.
>
> */s/ Cynthia Matthews Daley*
> _____
> Jon Brockman, Esq.
> *(signed with express permission by Erica L. Morton)*
> Georgia Bar No.: 084210

- 2 -

Cynthia Matthews Daley, Esq.
Georgia Bar No.: 476520
*Attorneys for Plaintiff*

JONATHAN R. BROCKMAN, P.C.
128 Newnan Street
Carrollton, GA 30117
Phone: (770) 205-8887
Email: jbrockman@brockmaninjurylawyer.com
Email: cdaley@brockmaninjurylawyer.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| GINGER HULSEY, | |
| Plaintiff, | |
| v. | Civil Action File No.: 21A2780 |
| DOLLAR GENERAL CORPORATION, JOHN DOES (1-3) and JOHN DOE CORPORATION (1-3), | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of ***Consent Motion to Substitute Party Defendant with Proposed Order*** via e-file, e-mail and/or by mailing to the following addresses with sufficient postage affixed thereto:

Cynthia Matthews Daley, Esq.
JONATHAN R. BROCKMAN, P.C.
128 Newnan Street
Carrollton, GA 30117
Email: cdaley@brockmaninjurylawyer.com

Jon Brockman, Esq.
JONATHAN R. BROCKMAN, P.C.
320 Dahlonega Street
Cumming, GA 30040
Email: jbrockman@brockmaninjurylawyer.com

*(Signature on following page)*

This 24th day of September, 2021.

<div style="margin-left: 40%;">

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*
_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorneys for Defendant Dollar General*
*Corporation*

</div>

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

Exhibit "A"

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GINGER HULSEY, | |
| Plaintiff, | |
| v. | Civil Action File No.: 21A2780 |
| DOLLAR GENERAL CORPORATION, JOHN DOES (1-3) and JOHN DOE CORPORATION (1-3), | |
| Defendants. | |

### **[PROPOSED] ORDER SUBSTITUTING PARTY DEFENDANT**

IT APPEARING to the Court that the proper Defendant in this matter is Dolgencorp, LLC, rather than Dollar General Corporation, that the parties consent to said substitution, and that the undersigned counsel for Dolgencorp, LLC agrees to acknowledge service of process on its behalf,

IT IS HEREBY ORDERED that Dolgencorp, LLC, is substituted as the Defendant in place and in lieu of Dollar General Corporation.  Dollar General Corporation is dismissed without prejudice and Dolgencorp, LLC is added as party defendant.  Plaintiff shall file an Amended Complaint to reflect the change in party defendant and provide a service copy to all parties within 30 days of this Order.  Counsel for Dolgencorp, LLC shall acknowledge service of the Amended Complaint.

*(Continued on following page)*

IT IS FURTHER ORDERED that the case style shall be updated to reflect the contents of this Order.

IT IS SO ORDERED this ____ day of _____, 2021.

_____

Hon. Carl Bowers
Judge, State Court of Cobb County

**_Order Prepared By:_**
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorney for Dollar General Corporation &*
*Dolgencorp, LLC*
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**SEP 28, 2021 03:49 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

GINGER HULSEY,

                Plaintiff,

                                     Civil Action File No.: 21A2780 – 7

v.

DOLLAR GENERAL CORPORATION,
JOHN DOES (1-3) and JOHN DOE
CORPORATION (1-3),

                Defendants.

### [~~PROPOSED~~] ORDER SUBSTITUTING PARTY DEFENDANT

IT APPEARING to the Court that the proper Defendant in this matter is Dolgencorp, LLC, rather than Dollar General Corporation, that the parties consent to said substitution, and that the undersigned counsel for Dolgencorp, LLC agrees to acknowledge service of process on its behalf,

IT IS HEREBY ORDERED that Dolgencorp, LLC, is substituted as the Defendant in place and in lieu of Dollar General Corporation. Dollar General Corporation is dismissed without prejudice and Dolgencorp, LLC is added as party defendant. Plaintiff shall file an Amended Complaint to reflect the change in party defendant and provide a service copy to all parties within 30 days of this Order. Counsel for Dolgencorp, LLC shall acknowledge service of the Amended Complaint.

*(Continued on following page)*

IT IS FURTHER ORDERED that the case style shall be updated to reflect the contents of this Order, going forward. *CB*

IT IS SO ORDERED this 28th day of September, 2021.

_____
Hon. Carl Bowers
Judge, State Court of Cobb County

**_Order Prepared By:_**
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Brianna S. Tucker, Esq.
Georgia Bar No.: 109297
*Attorney for Dollar General Corporation &*
*Dolgencorp, LLC*
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com
Email: brianna.tucker@swiftcurrie.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and accurate copy of the within and foregoing as follows:

## ORDER

(Through PeachCourt Portal) to the following:

jbrockman@brockmaninjurylawyer.com

erica.morton@swiftcurrie.com

cdaley@brockmaninjurylawyer.com

This 28th day of September, 2021.

/s/ Becky Morris
BECKY MORRIS
Judicial Administrative Assistant
Judge Carl W. Bowers
Cobb State Court
Cobb Judicial Circuit

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**OCT 01, 2021 03:29 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

               Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (2-3) and JOHN DOE
CORPORATION (1-3),

               Defendants,

CIVIL ACTION FILE NO.:

21A2780

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Ginger Hulsey and files this her Amended Complaint against

Defendants Dolgencorp, LLC and Michel Jameson and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Defendant Dolgencorp, LLC is a foreign corporation incorporated under the laws of the

State of Tennessee. This Defendant has agents, does business, and maintains facilities in Cobb

County, Georgia and is subject to the jurisdiction of this Court. Defendant Dolgencorp, LLC may

be served by and through its Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street,

S.E., Suite 125, Marietta, Cobb County, Georgia 30060 or as otherwise provided by law.

2.

Defendant John Doe (1) has now been identified as Defendant Michael Jameson who is

the Store Manager of the Dollar General located at 4450 Dawsonville Highway, Gainesville,

Georgia 30506.  Defendant Michael Jameson is a Georgia resident and may be served at Dollar

General located at 4450 Dawsonville Highway, Gainesville, Georgia 30506 or as otherwise provided by law.

3.

Defendant John Doe (2-3) are as yet unidentified employees/agents of Defendant Dolgencorp, LLC who (1) are responsible for training employees/agents regarding safety measures in the subject property; and/or (2) are responsible for ensuring policies regarding identifying potential safety hazards on the subject property and providing warning to invitees of the same as well as removal/cleanup of the potential hazards is executed correctly; and/or (3) are responsible for identifying potential hazards within the store and taking action to warn invitees of the same and the clearing of such potential hazards.

4.

Defendant John Doe Corporations (1-3) are corporate entities responsible for maintenance/cleaning of the subject property and/or corporate entities which own the subject premises and/or corporate entities that employ the persons responsible for maintaining the subject premises regarding potential slip and fall incidents.

5.

Cobb County, Georgia is a correct venue for this action as at least one defendant is a resident of Cobb County, Georgia.

**FACTUAL BACKGROUND**

6.

On August 4, 2019, Plaintiff Ginger Hulsey was an invited guest at the Defendant's place of business located at 4450 Dawsonville Highway, Gainesville, Georgia 30506, for the purpose of shopping.

2

7.

Unbeknownst to Plaintiff, after she entered the store there was a slippery substance that was present on the floor.

8.

As Plaintiff was walking, she slipped on the slippery substance and fell to the ground which caused her body to twist underneath her and hit her left knee and right hand on the tile flooring.

9.

At said time and place, there were no caution signs posted or cones present warning the general public of the dangerous conditions.

10.

Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendant's premises prior to her fall.

11.

Plaintiff shows that she exercised ordinary care and diligence under the circumstances then existing.

12.

Defendant knew or should have known of the potential hazard with reasonable inspection of the premises.

**LIABILITY OF DEFENDANT**

13.

Defendants had actual, or in the alternative, constructive knowledge of the dangerous condition pertaining to the area where Plaintiff fell.

3

14.

Defendants breached its duty of ordinary care owed to Plaintiff by failing to guard against a foreseeable incident, such as the incident forming the basis of Plaintiff's Complaint, from occurring.

15.

Defendants negligently failed to ensure that the property located at 4450 Dawsonville Highway, Gainesville, Georgia 30506 was properly maintained to insure the safety of the public, including Ginger Hulsey.

16.

At all times mentioned herein, Defendant Dolgencorp, LLC had exclusive ownership, operation, control and management of said property and Defendant had the legal duty to keep its premises in a state of repair and maintenance consistent with due regard of the safety of their invitees, including Plaintiff.

17.

Defendant Dolgencorp, LLC is liable to Plaintiff for its employee's actions based on *Respondent Superior* and independent causes of action of negligent hiring, negligent training and negligent retention of its employee Defendant Michael Jameson.

18.

Defendant Michael Jameson, at all times relevant to the allegations in this complaint, was responsible for training employees/agents regarding safety measures in the subject property and was responsible for ensuring policies regarding identifying potential safety hazards on the subject property, providing warnings to invitees of the same as well as removal/cleanup of the potential hazards is executed correctly, and responsible for identifying potential hazards within the store and taking action to warn invitees of the same and the clearing of such potential hazards.

19.

Although the Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff from said hazardous condition(s), they negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect invitees, including Plaintiff, therefrom.

20.

Defendants' negligence proximately caused Plaintiff's injuries and damages.

21.

The conduct of Defendants breached the duty of ordinary care owed to Plaintiff.

22.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

(a)     Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

(b)     In failing to properly inspect and maintain the premises; and

(c)     In knowingly allowing their invited guests to utilize an unsafe area of the premises.

23.

The injuries sustained by the Plaintiff are the direct and proximate result of the negligence of the Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

**PLAINTIFF GINGER HULSEY'S DAMAGES**

24.

As a direct and proximate result of Defendants' negligence and/or breach of the duty of ordinary care, Plaintiff Ginger Hulsey suffered personal injuries that caused her to seek medical treatment.

25.

Plaintiff sustained multiple injuries including, but not limited to, a fractured and sprained finger on her right hand and a complete tear of the medial meniscus in her left knee, which required surgery.

26.

Plaintiff's physical injuries caused by the incident caused her physical pain.

27.

As a result of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses in an amount which will be proven at the time of trial and will continue to incur said expenses as future medical care is needed.

28.

As a direct and proximate result of Defendants' negligence and/or breach of duty of ordinary care, Plaintiff Ginger Hulsey has suffered pain of both body and mind.

29.

Defendants are indebted to Plaintiff in an amount to be shown by the evidence at trial for Plaintiff's medical expenses, injuries, and pain and suffering caused by Defendants' breach of duty owed to Plaintiff.

## PROXIMATE CAUSE

30.

All damages to Plaintiff herein were proximately caused by the negligence of the Defendants.

### EXPENSES OF LITIGATION AND ATTORNEY'S FEES

31.

In denying that Defendants were negligent in causing or contributing to the incident forming the basis of Plaintiff's Complaint and in otherwise denying liability for causing the subject incident, the Defendants have been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense such that the Plaintiff is entitled to recover her expenses of litigation including reasonable attorney fees from the Defendants, under O.C.G.A. § 13-6-11 and other applicable Georgia law.

32.

WHEREFORE, Plaintiff demands trial by jury and judgment against the Defendants for such sums as compensatory damages, as the evidence shows he is justly entitled to recover, together with attorney's fees, interest, if applicable, and all costs of the action.

Respectfully submitted this 1st day of October, 2021

Jonathan R. Brockman, P.C.

***/s/Cynthia Matthews Daley***
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887, phone; 770-205-8879, Facsimile
cdaley@brockmaninjurylawyer.com

***/s/Jon Brockman***
Jon Brockman
Georgia Bar No. 084210

Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887, phone; 770-205-8879, Facsimile
jbrockman@brockmaninjurylawyer.com

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| GINGER HULSEY, | |
|         Plaintiff, | CIVIL ACTION FILE NO.: |
| v. | 21A2780 |
| DOLGENCORP, LLC, MICHAEL JAMESON, JOHN DOE (2-3) and JOHN DOE CORPORATION (1-3), | |
|         Defendants, | |

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day served the foregoing **AMENDED COMPLAINT**

**FOR DAMAGES** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@swiftcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This 1st day of October, 2021.

        **/s/Cynthia Matthews Daley**
        CYNTHIA MATTHEWS DALEY
        Georgia Bar No. 476520

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**OCT 01, 2021 03:29 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

        Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (-3) and JOHN DOE
CORPORATION (1-3),

        Defendants,

CIVIL ACTION FILE NO.:

21A2780

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT DOLGENCORP, LLC

Pursuant to O.C.G.A. Section 9-11-36 you are hereby requested to answer, in the form provided by law, the following Requests for Admissions:

1.

Admit that you have been correctly named in the present case insofar as the legal designation of names is concerned.

2.

Admit that you have been properly served as a party defendant.

3.

Admit that process is sufficient with regard to you in this case.

4.

Admit that service of process is sufficient with regard to you in this case.

5.

Admit that Cobb County State Court has jurisdiction over the subject matter of this case.

6.

Admit that Cobb County State Court has personal jurisdiction over you as a party defendant in this case.

7.

Admit that venue is proper in Cobb County State Court.

5.

Admit that on August 4, 2019, Plaintiff Ginger Hulsey was an invited guest at the Defendant's place of business located at 4450 Dawsonville Highway, Gainesville, Georgia 30506, for the purpose of shopping.

6.

Admit that unbeknownst to Plaintiff, after she entered the store there was a slippery substance that was present on the floor.

7.

Admit that as Plaintiff was walking, she slipped on the slippery substance and fell to the ground which caused her body to twist underneath her and hit her left knee and right hand on the tile flooring.

8.

Admit that at said time and place, there were no caution signs posted or cones present warning the general public of the dangerous conditions.

9.

Admit that Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendant's premises prior to her fall.

10.

Admit that Plaintiff shows that she exercised ordinary care and diligence under the circumstances then existing.

11.

Admit that Defendant knew or should have known of the potential hazard with reasonable inspection of the premises.

12.

Admit that Defendant had actual, or in the alternative, constructive knowledge of the dangerous condition pertaining to the area where Plaintiff fell.

13.

Admit that Defendant breached its duty of ordinary care owed to Plaintiff by failing to guard against a foreseeable incident, such as the incident forming the basis of Plaintiff's Complaint, from occurring.

14.

Admit that Defendant negligently failed to ensure that the property located at 4450 Dawsonville Highway, Gainesville, Georgia 30506 was properly maintained to insure the safety of the public, including Ginger Hulsey.

15.

Admit that at all times mentioned herein, Defendant had exclusive ownership, operation, control and management of said property and Defendant had the legal duty to keep its premises in a state of repair and maintenance consistent with due regard of the safety of their invitees, including Plaintiff.

16.

Admit that although the Defendant knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff from said hazardous condition(s), it negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect invitees, including Plaintiff, therefrom.

17.

Admit that Defendant's negligence proximately caused Plaintiff's injuries and damages.

18.

Admit that the conduct of Defendant breached the duty of ordinary care owed to Plaintiff.

19.

Admit that Defendant was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

(a)    Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

(b)    In failing to properly inspect and maintain the premises; and

(c)    In knowingly allowing their invited guests to utilize an unsafe area of the premises.

20.

Admit that the injuries sustained by the Plaintiff are the direct and proximate result of the negligence of the Defendant. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

21.

Admit that as a direct and proximate result of Defendant's negligence and/or breach of the

duty of ordinary care, Plaintiff Ginger Hulsey suffered personal injuries that caused her to seek medical treatment.

### 22.

Admit that Plaintiff sustained multiple injuries including, but not limited to, a fractured and sprained finger on her right hand and a complete tear of the medial meniscus in her left knee, which required surgery.

### 23.

Admit that Plaintiff's physical injuries caused by the incident caused her physical pain.

### 24.

Admit that as a result of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses in an amount which will be proven at the time of trial and will continue to incur said expenses as future medical care is needed.

### 25.

Admit that as a direct and proximate result of Defendant's negligence and/or breach of duty of ordinary care, Plaintiff Ginger Hulsey has suffered pain of both body and mind.

### 26.

Admit that Defendant is indebted to Plaintiff in an amount to be shown by the evidence at trial for Plaintiff's medical expenses, injuries, and pain and suffering caused by Defendant's breach of duty owed to Plaintiff.

### 27.

Admit that all damages to Plaintiff herein were proximately caused by the negligence of the Defendant.

28.

Admit that in denying that Defendant was negligent in causing or contributing to the

incident forming the basis of Plaintiff's Complaint and in otherwise denying liability for causing

the subject incident, the Defendant has been stubbornly litigious and has caused Plaintiff

unnecessary trouble and expense such that the Plaintiff is entitled to recover her expenses of

litigation including reasonable attorney fees from the Defendant, under O.C.G.A. § 13-6-11 and

other applicable Georgia law.

Respectfully submitted this 1st day of October, 2021,

Jonathan R. Brockman, P.C.


*/s/Cynthia Matthews Daley*
Cynthia Matthews Daley
Georgia Bar No. 476520


128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)


*/s/Jon Brockman*
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff


320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

GINGER HULSEY,

        Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (-3) and JOHN DOE
CORPORATION (1-3),

        Defendants,

CIVIL ACTION FILE NO.:

21A2780

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DOLGENCORP, LLC** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@swiftcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This 1st day of October, 2021.

        **/s/Cynthia Matthews Daley**
        CYNTHIA MATTHEWS DALEY
        Georgia Bar No. 476520

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**OCT 01, 2021 03:29 PM**

*Robin C. Bishop*

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

        Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (-3) and JOHN DOE
CORPORATION (1-3),

        Defendants,

CIVIL ACTION FILE NO.:

21A2780

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
### TO DEFENDANT DOLGENCORP, LLC

Pursuant to Acts 1966, pp. 609, 646, 1972, pp. 510, 524(Ga. Code Ann. Section 9-11-33),
you are hereby served with the following written interrogatories to be answered separately and
fully in writing under oath. The answers are to be signed by the person making them and the
party upon whom the interrogatories have been served shall serve a copy of the answers upon the
Law Offices of Jonathan R. Brockman, P.C., Cynthia Matthews Daley, Esquire, 128 Newnan
Street, Carrollton, Georgia 30117, within 45 days after the service of the interrogatories.

**NOTE A:**    When used in these interrogatories, the term "you" or any synonym thereof is
intended to and shall embrace and
include, in addition to the Defendant, Counsel for Defendant, and all agents, servants,
employees, representatives, private investigators, and other who are in possession of or may have
obtained information for or on behalf of the Defendant.

**NOTE B:**    The following interrogatories shall be deemed continuing so as to require
supplemental answers if you or your attorneys or any agents, servants, representatives,

investigators, experts, or others employed by either of you obtain further relevant information

between the time your answers to the following interrogatories are served and the time of any

hearing or trial. Any such supplementary answers shall be served upon the Law Offices of

Jonathan R. Brockman, P.C., Cynthia Matthews Daley, Esquire, within thirty (30) days after the

receipt of such additional information but in no event later than the filing of a pre-trial order.

## **DEFINITIONS**

1. "Identify" as used herein to refer to a natural person, means to state his or her full
   name, address, home telephone number, business address, business telephone
   number, and name and address of present and/or last known employer.

2. "Identify" as used herein to refer to a document means to state the nature of the
   document (e.g., "letter, memorandum to file," etc.), date author, address, title or
   caption, subject matter, meaningful summary of the contents and the present
   custodian. Attaching a copy of the document in question to the response to these
   interrogatories (properly indexed to the interrogatory) will suffice in lieu of further
   identification.

"Document" as used herein shall be understood to include, without limitation, writings, reports,

memoranda, books, magazines, newspapers, worksheets, correspondence, drafts, memoranda of

meetings of conversations (whether by telephone or otherwise), drawings, blueprints, graphs,

charts, photographs (whether still or in motion, including slides, negatives, videotapes, or any

other form of visual reproduction), phone records, phono-tapes, computer tapes, cards and

printouts, and other date compilation from which information can be obtained or translated, if

necessary, by Plaintiff through detection devices into reasonably usable form, as well as any and all copies of any documents.

## **INTERROGATORIES**

### 1.

Identify the name, address, telephone number, and title of the person that was consulted and/or provided responses to these Interrogatories on behalf of Defendant.

### 2.

Identify all persons who responded to the scene of the Plaintiff's fall including such persons' telephone number and address.

### 3.

Identify the store manager for the subject Dollar General location on August 4, 2019.

### 4.

Identify the employee(s) that cleaned the area where Plaintiff was injured after the incident that is the subject of Plaintiff's Complaint.

### 5.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation.

### 6.

Were any investigative or other reports prepared, compiled, submitted, or made on behalf of the Defendant as a result of the incident complained of in this action?  If so:

A.  Identify by date, name, and address of person and/or persons making or rendering the same and the person and/or persons to whom addressed and/or directed; and

3

B.  The name and address of the person who has present custody and/or control thereof and the purpose of such preparation.

7.

Please identify the persons or entity who owned, managed and controlled the premises referred to in the Complaint where the incident involving Ginger Hulsey occurred and for the date of her injury, (August 4, 2019), including the identity of any persons who assisted Plaintiff after the incident forming the basis of Plaintiff's Complaint.  If the ownership, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

8.

What are the names, addresses, telephone numbers, and places of employment of each and every person you claim has or purports to have knowledge of the occurrence, whether such person has direct knowledge or claim other relevant knowledge regarding the occurrence?  For each such person, briefly describe their knowledge.

9.

Identify the person(s) responsible for viewing and maintaining the in-store video on the day of the incident injuring Plaintiff.

10.

As to each policy of liability insurance, including personal liability, excess, supplemental, umbrella, and other forms of insurance, that may be applicable to the alleged liability asserted in this lawsuit, please state the following:

A.  The name of each insurer;

B.  The name of each insured;

C.  The limits and coverage provided under each policy or coverage;

D.  The number of each policy;

E.  The claim number assigned by each insurer to the claims asserted in this lawsuit or with regard to the claim asserted in this lawsuit;

F.  A full description of the coverage afforded under each such policy; i.e., general liability, excess, reinsurance, umbrella, etc.;

G.  The effective date and expiration date of each such policy;

H.  Any exclusions that have been alleged by the insurer to apply to the coverage provided under each policy;

I.  Any reservation of rights or any other assertions of inapplicability or possible inapplicability of the coverage provided under each policy that has been provided by the insurer; and

J.  The insured's rights, if any, to be advised of the demands for settlement by the claimant and to approve offers of settlement made by the insurer under the provisions of each policy.

## 11.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person or entity, did or failed to do, which in any way contributed to the subject occurrence and Plaintiff's injuries.

## 12.

Please state in detail how you contend the subject occurrence took place and the order in

which the events took place.  Please list in this response a listing of each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

13.

Please detail the factual and legal basis for each defense pled in your Answer, including all United States statutes, state statutes, city ordinances, county ordinances, case law and all other governmental laws, rules or regulations which you contend Plaintiff, or any other person or entity, violated with respect to the incident giving rise to this lawsuit.

14.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff.

15.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.  See O.C.G.A. §9-11-26.  Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

16.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or

6

control of each statement.

17.

Please identify with specificity all injury claims or complaints made against you or your business, including employees of your company, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries, if any, claimed in such incident; a brief description of how the incident occurred, and whether suit was filed.

18.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person (s) with possession, custody, or control of each item.

19.

State the substance of each conversation you or your agents or employees had with Plaintiff at the time of or at any time before or after the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or her agents.

20.

Please identify any and all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

21.

What are the names, addresses, telephone numbers, dates of employment, and places of employment of any and all managers and employees employed by or on behalf of you to work at the store that is the subject of the occurrence that is described in the Complaint on the date this incident occurred?

<div align="center">22.</div>

Please identify the safety director and all other individuals in charge of or assisting with safety issues for you at the time of the incident forming the basis of Plaintiff's Complaint.

<div align="center">23.</div>

Please provide any and all reasons and facts in support of your denial of any portion of Plaintiff's Request for Admissions to Defendant.

Respectfully submitted this 1st day of October, 2021

Jonathan R. Brockman, P.C.

*/s/Cynthia Matthews Daley*
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

*/s/Jon Brockman*
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887

8

770-205-8879 (Facsimile)

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

        Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (-3) and JOHN DOE
CORPORATION (1-3),

        Defendants,

CIVIL ACTION FILE NO.:

21A2780

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT DOLGENCORP, LLC** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@swiftcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This 1st day of October, 2021.

**/s/Cynthia Matthews Daley**
CYNTHIA MATTHEWS DALEY
Georgia Bar No. 476520

10

☰ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

21-A-2780

OCT 01, 2021 03:29 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

GINGER HULSEY,

             Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (-3) and JOHN DOE
CORPORATION (1-3),

          Defendants,

CIVIL ACTION FILE NO.:

21A2780

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS AND NOTICE TO PRODUCE TO DEFENDANT DOLGENCORP, LLC

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents and Tangible Things and Notice to Produce pursuant to Official Code of Georgia Annotated Sections 9-11-34(a) and 24-10-26 and requires Defendant to comply with said Code Section within forty-five (45) days by producing and permitting attorneys at Jonathan R. Brockman, P.C., 128 Newnan Street, Carrollton, Georgia 30117 to inspect and copy each of the following documents and things:

Notwithstanding the foregoing, Defendant is further requested pursuant to Official Code of Georgia Annotated § 24-10-26 to produce the documents, records, photographs, and tangible things specified hereinbelow at the time of any Rule Nisi hearing, deposition, and trial of the above-styled case.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions.  "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2.  "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.  "Defendant," "you," or "your" refers to, without limitation, to Defendant Dollar General Corporation.

4.  "Interrogatory" refers to the Interrogatories of Plaintiff to Defendant, served concurrently with this request for production.

## <u>REQUEST FOR PRODUCTION</u>

Defendant is requested to produce each of the following:

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded, specifically including any statement taken from the Plaintiff.

2.

Please produce documents reflecting the name and/or address of any eyewitness(es) to the incident forming the basis of Plaintiff's Complaint.

3.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to any in store video of the subject incident.

4.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Plaintiff.

5.

All documents supporting or relating to Plaintiff's or Defendant's contentions of negligence.

6.

Any correspondence, e-mails, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

7.

All documents, including but not limited to e-mail printouts, evidencing, reflecting, relating to the occurrence forming the basis of this lawsuit, including but not limited to any incident report.

8.

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

9.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any litigation involving personal injuries to which you have been a party and involving the premises in question for the past (10) years.

10.

Any employment records, including but not limited to all personnel files, for any individual employed by Defendant to work at the Dollar General referenced in Plaintiff's Complaint on the date of the subject incident.

11.

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

12.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage to this Defendant with regard to Plaintiff's claims against Defendant. This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability coverage, and medical-payments coverage.  This request includes any and all documents affecting coverage, including reservation of rights documents.

13.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit.  Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

14.

All written material provided to Defendant's store employees in connection with safety training, including but not limited to all manuals, memoranda, in-house publication and educational courses and any other materials used by you in providing safety training.

3

15.

Please produce a copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

16.

Please produce all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, or injuries, occurring on the premises where Plaintiff was injured.

17.

Please produce any demonstrative evidence relevant to the issues in this case.

18.

Please produce any and all documents, including employee handbooks, policy or procedure manuals or videotapes pertaining to Defendant's policies regarding safety and training related to the event in question.

19.

Produce all Complaints initiating civil actions against you for the past ten (10) years as a result of incidents involving personal injuries at the subject premises.

20.

Produce all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the wheelchair at issue.

21.

Produce all internal accident reports completed by your employees, agents or independent contractors regarding substantially similar claims, complaints, or incidents for the past ten (10)

4

years.

22.

The curriculum vitae of all experts who are expected to testify on behalf of the Defendant, and any documents they created, reviewed or relied upon.

23.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2016 to the present.

24.

For the date in question, and the two days before, please produce the work and payroll records of all employees (regarding the premises in question) employed by Defendant.

25.

Produce any and all documents reviewed or consulted in responding to Plaintiff's Complaint, Plaintiff's First Continuing Interrogatories to Defendant, Plaintiff's First Continuing Request for Production of Documents and Tangible Things and Notice to Produce to Defendant, or Plaintiff's First Request for Admissions to Defendant.

26.

Please provide any and all documents or other evidence in support of your denial of any portion of Plaintiff's Request for Admissions to Defendant.

5

Respectfully submitted this 1st day of October, 2021,

Jonathan R. Brockman, P.C.

***/s/Cynthia Matthews Daley***
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)

***/s/Jon Brockman***
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

6

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

|  |  |
|---|---|
| GINGER HULSEY, | |
| Plaintiff, | CIVIL ACTION FILE NO.: |
| v. | 21A2780 |
| DOLGENCORP, LLC, MICHAEL JAMESON, JOHN DOE (-3) and JOHN DOE CORPORATION (1-3), | |
| Defendants, | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DOLGENCORP, LLC** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@swiftcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This xx day of September, 2021.

/s/Cynthia Matthews Daley
CYNTHIA MATTHEWS DALEY
Georgia Bar No. 476520

7

ID# E-4RHH2BKU-JWL
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**JAN 04, 2022 08:34 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

GINGER HULSEY,

                 Plaintiff,

v.

DOLGENCORP, LLC,
JOHN DOES (1-3) and JOHN DOE
CORPORATION (1-3),

                 Defendants.

Civil Action File No.: 21A2780

## ACKNOWLEDGEMENT OF SERVICE OF FIRST AMENDED COMPLAINT AND DISCOVERY

COMES NOW, Erica L. Morton, as attorney for Defendant Dolgencorp, LLC and hereby acknowledges receipt of: (1) Plaintiff's First Amended Complaint for Personal Injuries; (2) Plaintiff's First Continuing Interrogatories to Defendant Dolgencorp, LLC; and (3) Plaintiff's First Requests for Admissions to Defendant Dolgencorp, LLC in the above-styled matter.    Dolgencorp, LLC expressly waives personal service as contemplated by O.C.G.A. § 9-11-4, and also expressly acknowledges sufficient service of process of Plaintiff's First Amended Complaint for Personal Injuries.    Dolgencorp, LLC expressly waives the threshold defenses of improper service and inadequate delivery of process but reserves all other defenses.

*(Continued on following page.)*



This 3rd day of January, 2022.

                                            Respectfully submitted,

                                            SWIFT, CURRIE, MCGHEE & HIERS, LLP

                                            Erica L. Morton, Esq.
                                            Georgia Bar No.: 140869
                                            *Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Email: erica.morton@swiftcurrie.com

ID# E-XDBQGAJA-5VQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

21-A-2780

JAN 06, 2022 02:34 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

        Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (-3) and JOHN DOE
CORPORATION (1-3),

        Defendants,

CIVIL ACTION FILE NO.:

21A2780

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS TO DEFENDANT DOLGENCORP, LLC** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@swiftcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This 6th day of January, 2022,

        **/s/Cynthia Matthews Daley**
        CYNTHIA MATTHEWS DALEY
        Georgia Bar No. 476520



# IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

GINGER HULSEY,

          Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (-3) and JOHN DOE
CORPORATION (1-3),

          Defendants,

CIVIL ACTION FILE NO.:

21A2780

## PLAINTIFF'S SECOND REQUESTS FOR ADMISSIONS TO DEFENDANT DOLGENCORP, LLC

Pursuant to O.C.G.A. Section 9-11-36 you are hereby requested to answer, in the form provided by law, the following Requests for Admissions:

1.

Admit that Defendant Dolgencorp, LLC is liable to Plaintiff for its employee's actions based on *Respondeat Superior* and independent causes of action of negligent hiring, negligent training and negligent retention of its employee Defendant Michael Jameson.

2.

Admit that Defendant Michael Jameson, at all times relevant to the allegations in this complaint, was responsible for training employees/agents regarding safety measures in the subject property and was responsible for ensuring policies regarding identifying potential safety hazards on the subject property, providing warnings to invitees of the same as well as removal/cleanup of the potential hazards is executed correctly, and responsible for identifying potential hazards within the store and taking action to warn invitees of the same and the clearing

of such potential hazards.

      Respectfully submitted this 6th day of January, 2022,

                              Jonathan R. Brockman, P.C.


                              ***/s/Cynthia Matthews Daley***
                              Cynthia Matthews Daley
                              Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887
770-205-8879 (Facsimile)


                              ***/s/Jon Brockman***
                              Jon Brockman
                              Georgia Bar No. 084210
                              Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887
770-205-8879 (Facsimile)

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| GINGER HULSEY, | |
| Plaintiff, | |
| | CIVIL ACTION FILE NO.: |
| v. | |
| | 21A2780 |
| DOLGENCORP, LLC, MICHAEL JAMESON, JOHN DOE (-3) and JOHN DOE CORPORATION (1-3), | |
| Defendants, | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS TO DEFENDANT DOLGENCORP, LLC** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@swiftcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This 6th day of January, 2022,

/s/Cynthia Matthews Daley
CYNTHIA MATTHEWS DALEY
Georgia Bar No. 476520

ID# E-LW5NNKEL-AZC
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-2780**

**FEB 03, 2022 01:44 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

GINGER HULSEY,

        Plaintiff,

v.

DOLGENCORP, LLC, MICHAEL
JAMESON, JOHN DOE (2-3) and
JOHN DOE CORPORATION (1-3),

        Defendants,

CIVIL ACTION FILE NO.:

21A2780

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT DOLGENCORP, LLC'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@swiftcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This 3rd day of February, 2022.

**/s/Cynthia Matthews Daley**
CYNTHIA MATTHEWS DALEY
Georgia Bar No. 476520

