# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GINGER HULSEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC, MICHAEL JAMESON; JOHN DOES 2-3, JOHN DOE CORPORATION 1-3.<br><br>　　　　　Defendant. | Civil Action File No.:<br>1:22-CV-00925-SEG |

## SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Ginger Hulsey and files this her Second Amended Complaint against Defendants Dolgencorp, LLC substituting Defendant Sheryl Porter for Defendant Michel Jameson showing this Honorable Court as follows:

## JURISDICTION AND VENUE

1.

Defendant Dolgencorp, LLC is a foreign corporation incorporated under the laws of the State of Tennessee. This Defendant has agents, does business, and maintains facilities in Cobb County, Georgia and is subject to the jurisdiction of this Court. Defendant Dolgencorp, LLC may be served by and through its

Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street, S.E., Suite 125, Marietta, Cobb County, Georgia 30060 or as otherwise provided by law.

2.

Defendant Sheryl Porter is being substituted for Defendant Michael Jameson as the proper Store Manager of the Dollar General located at 4450 Dawsonville Highway, Gainesville, Georgia 30506.  Defendant Sheryl Porter is a Georgia resident and may be served at 4650 Perry Road, Gainesville, GA 30506 or as otherwise provided by law.

3.

Defendant John Doe (2-3) are as yet unidentified employees/agents of Defendant Dolgencorp, LLC who also in addition to Defendant Porter, (1) are responsible for training employees/agents regarding safety measures in the subject property; and/or (2) are responsible for ensuring policies regarding identifying potential safety hazards on the subject property and providing warning to invitees of the same as well as removal/cleanup of the potential hazards is executed correctly; and/or (3) are responsible for identifying potential hazards within the store and taking action to warn invitees of the same and the clearing of such potential hazards.

4.

Defendant John Doe Corporations (1-3) are corporate entities responsible for maintenance/cleaning of the subject property and/or corporate entities which own the subject premises and/or corporate entities that employ the persons responsible for maintaining the subject premises regarding potential slip and fall incidents.

5.

Cobb County, Georgia is a correct venue for this action as at least one defendant is a resident of Cobb County, Georgia and federal court jurisdiction is not present as there is not complete diversity of citizenship.

**FACTUAL BACKGROUND**

6.

On August 4, 2019, Plaintiff Ginger Hulsey was an invited guest at the Defendant Dolgencorp's place of business located at 4450 Dawsonville Highway, Gainesville, Georgia 30506 for the purpose of shopping.

7.

Unbeknownst to Plaintiff, after she entered the store there was a slippery substance that was present on the floor.

8.

As Plaintiff was walking, she slipped on the slippery substance and fell to the ground which caused her body to twist underneath her and hit her left knee and

right hand on the tile flooring.

9.

At said time and place, there were no caution signs posted or cones present warning the general public of the dangerous conditions.

10.

Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendant Dolgencorp's premises prior to her fall.

11.

Plaintiff shows that she exercised ordinary care and diligence under the circumstances then existing.

12.

Defendants knew or should have known of the potential hazard with reasonable inspection of the premises.

**LIABILITY OF DEFENDANTS**

13.

Defendants had actual, or in the alternative, constructive knowledge of the dangerous condition pertaining to the area where Plaintiff fell.

14.

Defendants breached their duty of ordinary care owed to Plaintiff by failing to guard against a foreseeable incident, such as the incident forming the basis of

Plaintiff's Complaint, from occurring.

15.

Defendants negligently failed to ensure that the property located at 4450 Dawsonville Highway, Gainesville, Georgia 30506 was properly maintained to insure the safety of the public, including Ginger Hulsey.

16.

At all times mentioned herein, Defendant Dolgencorp, LLC had exclusive ownership, operation, control and management of said property and Defendant Dolgencorp had the legal duty to keep its premises in a state of repair and maintenance consistent with due regard of the safety of their invitees, including Plaintiff.

17.

Defendant Dolgencorp, LLC is liable to Plaintiff for its employee's actions based on *Respondent Superior* and independent causes of action of negligent hiring, negligent training and negligent retention of its employee Defendant Sheryl Porter and Katelynn Bock.

18.

Defendant Sheryl Porter, at all times relevant to the allegations in this complaint, was responsible for training employees/agents regarding safety measures in the subject property and was responsible for ensuring policies regarding

identifying potential safety hazards on the subject property, providing warnings to invitees of the same as well as removal/cleanup of the potential hazards is executed correctly, and ensuring proper employee coverage for the premises to allow for the identification and removal of potential hazards.

19.

Although the Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff from said hazardous condition(s), they negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect invitees, including Plaintiff, therefrom.

20.

Defendants' negligence proximately caused Plaintiff's injuries and damages.

21.

The conduct of Defendants breached the duty of ordinary care owed to Plaintiff.

22.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

(a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

(b) In failing to properly inspect and maintain the premises;

(c) In knowingly allowing their invited guests to utilize an unsafe area of the premises; and

(d) Failing to ensure proper employee coverage to ensure the identification and removal of potential hazards.

23.

The injuries sustained by the Plaintiff are the direct and proximate result of the negligence of the Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

## PLAINTIFF GINGER HULSEY'S DAMAGES

24.

As a direct and proximate result of Defendants' negligence and/or breach of the duty of ordinary care, Plaintiff Ginger Hulsey suffered personal injuries that caused her to seek medical treatment.

25.

Plaintiff sustained multiple injuries including, but not limited to, a fractured and sprained finger on her right hand and a complete tear of the medial meniscus in her left knee, which required surgery.

26.

Plaintiff's physical injuries caused by the incident caused her physical pain.

27.

As a result of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses in the current amount of $59,470.62 which will be proven at the time of trial and will continue to incur said expenses as future medical care is needed.

28.

As a direct and proximate result of Defendants' negligence and/or breach of duty of ordinary care, Plaintiff Ginger Hulsey has suffered pain of both body and mind.

29.

Defendants are indebted to Plaintiff in an amount to be shown by the evidence at trial for Plaintiff's medical expenses, injuries, and pain and suffering caused by Defendants' breach of duty owed to Plaintiff.

**PROXIMATE CAUSE**

30.

All damages to Plaintiff herein were proximately caused by the negligence of the Defendants.

## EXPENSES OF LITIGATION AND ATTORNEY'S FEES

31.

In denying that Defendants were negligent in causing or contributing to the incident forming the basis of Plaintiff's Complaint and in otherwise denying liability for causing the subject incident, the Defendants have been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense such that the Plaintiff is entitled to recover her expenses of litigation including reasonable attorney fees from the Defendants, under O.C.G.A. § 13-6-11 and other applicable Georgia law.

32.

WHEREFORE, Plaintiff demands trial by jury and judgment against the Defendants for such sums as compensatory damages, as the evidence shows he is justly entitled to recover, together with attorney's fees, interest, if applicable, and all costs of the action.

Respectfully submitted this 3rd day of August, 2022,

Jonathan R. Brockman, P.C.

*/s/Cynthia Matthews Daley*
Cynthia Matthews Daley
Georgia Bar No. 476520

128 Newnan Street
Carrollton, GA 30117
770-205-8887, phone; 770-205-8879, Facsimile
cdaley@brockmaninjurylawyer.com

*/s/Jon Brockman*
Jon Brockman
Georgia Bar No. 084210
Attorneys for Plaintiff

320 Dahlonega Street
Cumming, Georgia 30040
770-205-8887, phone; 770-205-8879, Facsimile
jbrockman@brockmaninjurylawyer.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GINGER HULSEY,<br><br>                Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC, MICHAEL JAMESON; JOHN DOES 2-3, JOHN DOE CORPORATION 1-3.<br><br>                Defendant. | Civil Action File No.:<br>1:22-CV-00925-SEG |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **SECOND AMENDED COMPLAINT FOR DAMAGES** by Statutory Electronic Service to the following counsel of record:

Erica L. Morton, Esq.
Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq.
Brianna.tucker@switfcurrie.com
SWIFT CURRIE MCGHEE & HIERS, LLP
1355 Peachtree St NE Ste 300
Atlanta GA 30309-3231

This 3rd day of August, 2022.

                                              **/s/Cynthia Matthews Daley**
                                              CYNTHIA MATTHEWS DALEY
                                              Georgia Bar No. 476520